J-S24010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                            :           PENNSYLVANIA
                                                            :
                     v.                                                 :
                                                            :
                                                            :
EDGAR MARTINEZ                                       :
                                                            :
                   Appellant                        :       No. 2444 EDA 2021

Appeal from the PCRA Order Entered November 2, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0201401-1998

BEFORE:    PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:         **FILED OCTOBER 12, 2022**

Edgar Martinez appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas on November 2, 2021, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546 as untimely. After careful review, we affirm.

In 1998, a jury convicted Martinez of first degree murder, firearms violations, and criminal conspiracy arising from charges that Martinez and an associate, Hector Velazquez, shot a grocery store owner to death. Martinez and Velazquez were tried separately, after Velazquez was granted immunity for his testimony against Martinez. ***See Commonwealth v. Martinez***, No. 3577 EDA 2002 (Pa. Super. Filed June 26, 2003) (unpublished memorandum).

---

[*] Retired Senior Judge assigned to the Superior Court.

In 1999, the trial court sentenced Martinez to life imprisonment. Martinez filed timely post-sentence motions which were denied. We affirmed the judgment of sentence on direct appeal and the Pennsylvania Supreme Court denied Martinez's petition for allowance of appeal on April 16, 2001.

In 2002, Martinez filed a timely *pro se* PCRA petition. PCRA counsel was appointed, but did not file an amended petition. Instead, counsel filed a **Finley**[1] no-merit letter, along with a petition to withdraw as counsel. The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Martinez retained new private counsel, but new counsel did not formally enter his appearance. Thereafter, the PCRA court dismissed the petition. New counsel sent correspondence seeking additional time to file an amended petition, and soon after filed an amended petition without leave of court. On November 6, 2002, the PCRA court filed an addendum to its earlier opinion, addressing and dismissing the claims raised in the amended petition. This Court affirmed the dismissal on appeal.

In 2012, Martinez filed a second *pro se* PCRA petition, followed by multiple amended petitions. The PCRA court subsequently issued a Rule 907 notice of its intent to dismiss the petition as untimely. In June 2016, the PCRA

---

[1] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (providing the process by which appointed counsel can seek to withdraw from representing their PCRA clients).

court denied the petition. This Court affirmed the denial and the Supreme Court of Pennsylvania later denied allowance of appeal.

On September 20, 2018, Martinez filed the instant, third *pro se* PCRA petition, in which he argued he obtained newly discovered exculpatory evidence that Velazquez was the one who shot the victim. In support of this contention, Martinez attached an affidavit from a fellow inmate, who alleged that Velazquez admitted to him in 2003 that he shot and killed the victim. In a subsequently filed amended petition, Martinez further alleged he recently discovered that six law enforcement officers engaged in a pattern of corrupt practices that led to his conviction. In support of this argument, Martinez attached numerous news articles outlining alleged police misconduct in unrelated cases. The PCRA court issued a Rule 907 notice of its intent to dismiss the petition as untimely. On November 2, 2021, the PCRA court dismissed the petition. This timely appeal followed.

Prior to reaching the merits of Martinez's claims on appeal, we must first consider the timeliness of his PCRA petition. *See **Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA

- 3 -

petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Martinez's judgment of sentence became final in 2001. The instant petition – filed more than seventeen years later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Martinez's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> [a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

We will address each of Martinez's allegations separately. First, he alleges that in 2017, during the pendency of his appeal from the denial of his second PCRA petition, he learned that Velazquez confided, in 2003, to a fellow inmate that Martinez had not been the shooter in this case. Instead, this fellow inmate, Albert Martinez, stated Velazquez had admitted to shooting the victim.

Even liberally construed, Martinez has failed to plead and prove that this claim constitutes a valid exception to the PCRA time-bar. Martinez asserts he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception to the PCRA's time-bar, based on Albert Martinez's affidavit.

Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due

diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

Martinez filed his petition after learning about Velazquez's alleged confession outlined in his fellow inmate's affidavit. However, the affidavit itself is not a new fact. ***See Commonwealth v. Maxwell***, 232 A.3d 739, 745 (Pa. Super. 2020). The actual "fact" for purposes of Section 9545(b)(1)(ii) is that Velazquez was the shooter. ***See Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (holding that an affidavit alleging perjury does not satisfy the requirements of the newly discovered fact exception "because the only 'new' aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim.").

It is clear from a review of the record that the affidavit is merely a new conduit for information already known by Martinez. The underlying assertion that Velazquez was the shooter is not a "new fact" to Martinez, as he made the same argument during trial. ***See Commonwealth v. Martinez***, No. 1508 EDA 1999 (Pa. Super. filed October 17, 2000) (unpublished memorandum). The defense theory at trial was that Velazquez was the shooter, and the defense strategy was to try to establish Valezquez lied about Martinez being the shooter to protect himself. Accordingly, Martinez's allegation of newly discovered evidence does not qualify for an exception to the PCRA's time-bar.

Turning to Martinez's allegation of police corruption, we begin by noting that he did not raise this assertion in his initial petition. Rather, he first raised this issue in his January 19, 2021 amended petition. While Martinez simultaneously filed a motion for leave to file an amended petition, there is no indication in the record or the PCRA court dockets that the PCRA court granted Martinez leave. His claim of police corruption fails for this reason alone. **See Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015).

Even if the PCRA court had granted leave to file the amended petition, we further observe the court correctly rejected the police corruption claim as a basis for an exception to the time-bar. Martinez did not plead in his petition when he learned of the allegations of police corruption. As a result, he failed to establish he raised the issue in a timely manner. Further, his petition does not attempt to link the charges of corruption to the circumstances of his case, beyond boilerplate allegations of pattern and practice of the officers involved. These boilerplate assertions are far from sufficient to establish a pattern or practice. Under these circumstances, even if Martinez's amended petition was cognizable, his claims of police corruption would not have qualified as an exception to the time-bar. Accordingly, because Martinez cannot satisfy the newly-discovered evidence exception to the PCRA's jurisdictional time-bar, the PCRA court did not err in finding Martinez's petition untimely. We therefore affirm the PCRA court's order dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/12/2022</u>